## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **MELISSA MCDONALD,** | : |
| Plaintiff, | : CIVIL ACTION |
| vs. | : |
| | : No.: 23-cv |
| **E. I. DUPONT DE NEMOURS AND COMPANY TOTAL AND PERMANENT DISABILITY PLAN** | : |
| Defendant. | : |

## COMPLAINT

The Plaintiff, MELISSA MCDONALD ("Ms. McDonald" or "Plaintiff""), by and through the undersigned counsel, hereby sues the Defendant, E.I. du Pont de Nemours and Company Total and Permanent Disability Plan ("E.I du Pont de Nemours and Company" or "The Plan" or "Defendant") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the

Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. Ms. McDonald was at all times relevant a plan participant under the E.I. du Pont de Nemours and Company's Total and Permanent Disability Plan (the "Plan").

3. Defendant, E. I. du Pont de Nemours and Company. Total and Permanent Disability Plan (the Plan) is upon information and belief an employer sponsored Long Term disability plan for the benefits of employees of E.I. du Pont de Nemours and Company.

4. Upon information and belief, E.I. du Pont de Nemours and Company sponsors the Plan for the benefit of employees.

5. E. I. du Pont de Nemours and Company Total and Permanent Disability Plan is upon information designated as the Plan Administrator and its principal address for effectuating process of services is 1007 Market Street, Wilmington, DE 19898.

6. Upon information and belief, The Hartford Life and Accident Insurance Company was designated E.I. du Pont de Nemours and Company as the Claims Administrator.

7. The Plan is an employee welfare benefit plan regulated by ERISA, established by E. I. du Pont de Nemours and Company, under which Ms. McDonald was a participant, and pursuant to which Ms. McDonald is entitled to long-term disability benefits. Pursuant to the terms and conditions of the Plan, Ms. McDonald is entitled to disability benefits for the duration of the Plaintiff's

long-term disability, for so long as Ms. McDonald remains disabled as required under the terms and conditions of the plan.

8. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(c), in that at all times material hereto, Plaintiff both lived and was employed within the State of Delaware

### COUNT I
### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

9. Ms. McDonald incorporates by reference all preceding paragraphs as though fully set forth herein.

10. At all times relevant, Ms. McDonald was an employee or former employee of E.I. du Pont de Nemours and Company and a plan participant under the terms and conditions of the Plan.

11. During the course of Ms. McDonald's employment, Ms. McDonald became entitled to benefits under the terms and conditions of the Plan. Specifically, while Ms. McDonald was covered under the Plan she suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering her disabled as defined under the terms of the Plan.

12. Ms. McDonald's disability initially commenced in 2017.

13. As it relates to Ms. McDonald's current claim for benefits, the Plan defines disability as whether Ms. McDonald is "totally and permanently disabled."

14. Due to restrictions and limitations arising from a physical

"sickness", resulting in "disability" from her regular occupation with E.I. du Pont de Nemours and Company, Ms. McDonald made a claim to The Hartford for Total and Permanent disability benefits under the Plan which was approved through 2022.

15. Via letter dated on or about April 27, 2022, The Hartford initially notified Ms. McDonald that it was terminating her claim for Total and Permanent disability benefits.

16. On or about September 6, 2022, Ms. McDonald timely submitted her initial appeal of The Hartford's adverse benefit determination.

17. Via letter dated February 2, 2023, The Hartford notified Ms. McDonald that it was denying her First-Level appeal for Total and Permanent disability benefits and thus informing Ms. McDonald.

18. On or about March 22, 2023, Ms. McDonald timely submitted her mandatory Second-Level appeal of The Hartford's adverse benefit determination.

19. Via letter from IMEDICS dated May 15, 2023, Ms. McDonald was informed that her Second-Level appeal was denied and that she has exhausted her administrative remedies under the Plan.

20. In contravention of Section 503 of ERISA, Ms. McDonald was not afforded either fair notice or a fair opportunity to respond to either IMEDICS and/or The Plan's final decision letter.

21. Ms. McDonald has fully complied with filing all mandatory administrative appeals required under the Plan.

22. E. I. du Pont de Nemours and Company and/or Hartford and/or IMEDICS on behalf of the Plan, breached the Plan and violated ERISA in the

4

following respects:

    a. Failing to pay long-term disability benefits to Ms. McDonald at a time when E. I. du Pont de Nemours and Company and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Ms. McDonald was disabled and unable to work and therefore entitled to benefits.

    b. After Ms. McDonald's claim was denied in whole or in part, E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan failed to adequately describe to Ms. McDonald any additional material or information necessary for Ms. McDonald to perfect her claim along with an explanation of why such material is or was necessary.

    c. E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan failed to properly and adequately investigate the merits of Ms. McDonald's disability claim and failed to provide a full and fair review of Ms. McDonald's claims.

    d. In contravention of Section 503 of ERISA, E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan failed to provide Ms. McDonald with an opportunity to respond to IMEDICS final denial letter decision letter dated May 15, 2023.

23. Ms. McDonald believes and alleges that E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan wrongfully terminated her claim for Total and Permanent disability benefits under the Plan, by other acts or omissions of which Ms. McDonald is presently unaware, but which may be

discovered in this future litigation and which Ms. McDonald will immediately make E. I. du Pont de Nemours and Company aware of once said acts or omissions are discovered by Ms. McDonald.

24. As a proximate result of the aforementioned wrongful conduct of E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan, Ms. McDonald has damages for loss of disability benefits which continues to the present and through the foreseeable future.

25. As a further direct and proximate result of this improper determination regarding Ms. McDonald's claim for benefits, Ms. McDonald, in pursuing this action, has been required to incur attorney' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Ms. McDonald is entitled to have such fees and costs paid by E. I. du Pont de Nemours and Company Total and Permanent Disability Plan.

26. The wrongful conduct of E. I. du Pont de Nemours and Company and The Hartford on behalf of the Plan has created uncertainty where none should exist; therefore, Ms. McDonald is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the Plan.

### COUNT II
### DEFENDANTS BREACHES OF FIDUCIARY DUTY
### UNDER 29 USC SECTION 1132(a)(3)

27. The allegations contained in paragraphs 1 through 26 above are incorporated herein by reference as though fully set forth at length herein,

28. Ms. McDonald brings this claim against E. I. du Pont de Nemours and Company under ERISA Sec. 502(a)(3), 29 U.S.C. Sec. 1132(a)(3), which

permits a participant to bring an action to enjoin any act or practice which violates ERISA or the terms of the plan or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the Plan.

29. E. I. du Pont de Nemours and Company is the Plan Administrator under the Plan.

30. As Plan Administrator, E. I. du Pont de Nemours and Company both decides a beneficiary's right to benefits and pays those benefits and thereby bears an inherent conflict of interest.

31. Defendant owes a non-delegable fiduciary duty under ERISA and the Plan to Ms. McDonald and other Plan participants.

32. Defendant has a fiduciary duty under ERISA and obligations to oversee and monitor the conduct and actions of the claims fiduciaries in handling the Plan and disability claims, which duty has also been breached with respect to Ms. McDonald's claim.

33. Defendant has breached its fiduciary duties as follows:

    a. Engaging in extensive and numerous invalid and improper claim procedures and practices that were designed to and did result in the denial of Ms. McDonald's disability benefits;

    b. Designing and implementing a claim review procedure, practice, and, thus, system that does not provide a full and fair review in general and which clearly did not give Ms. McDonald's claim a full and fair review;

    c. Failure to maintain, and if in existence produce and comply with an in-house or internal policy and/or procedure manual(s) regarding the handling of claims to avoid violating ERISA laws and regulations and, further, if in existence, withholding same to avoid the disclosure of erroneous practices by the claimant.

      d.    By engaging in and employing other claims handling procedures and practices that require and result in the miscalculation of valid, legitimate disability benefit claims, in general, and in Ms. McDonald's case in particular, and

      e.    Failing to provide Ms. McDonald with any opportunity to respond and/or rebut the IMEDICS final determination letter and medical report upon which it was based.

34.    ERISA Sec. 503, 29 U.S.C Sec. 1133 requires that every employee benefit plan must:

      a.    provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant; and

      b.    afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

35.    29 C.F.R Sec. 2560.503-1 codifies the plan procedures that are required to be implement in every ERISA governed plan in order to guarantee that Plan administrators fulfill their fiduciary duties and provide a full and fair review of all claims made under an ERISA governed plan.

36.    E. I. du Pont de Nemours and Company failed to adequately implement claims procedures that complied with 29 C.F.R. Sec 2560.503-1 and as a result, breached the dual fiduciary duties of prudence and loyalty that it owed Ms. McDonald.

37. The above breaches are the byproduct of a review process that is not in compliance with 29 CFR Sec. 2560.503-1, which results in an exacerbation of the inherent conflict of interest of E. I. du Pont de Nemours and Company being both the decider and payer of benefits and permits E. I. du Pont de Nemours and Company to routinely breach the fiduciary duties it owes beneficiaries such as Ms. McDonald.

38. The breaches were also the byproduct of E. I. du Pont de Nemours and Company's arbitrary and inconsistent interpretation of plan provisions that were made to the detriment of Ms. McDonald and in favor of E. I. du Pont de Nemours and Company and E. I. du Pont de Nemours and Company's financial interests in denying Ms. McDonald's claim.

39. As a result of E. I. du Pont de Nemours and Company's breaches of the dual fiduciary duties of loyalty and prudence owed to Ms. McDonald under ERISA, Ms. McDonald suffered actual harm, as she was denied benefits to which she was entitled under the Plan, she incurred attorneys' fees and costs, and she suffered other financial losses.

40. E. I. du Pont de Nemours and Company breached its fiduciary duties under ERISA Sec. 404, 29 USC Sec. 1104, insofar as it failed to discharge its duties handling Ms. McDonald's benefits claim in a careful, skillful and diligent manner.

## **REQUEST FOR RELIEF**

WHEREFORE, Melissa McDonald prays for relief against E.I. du Pont de Nemours and Company Total and Permanent Disability Plan as follows:

1. Payment of long-term disability benefits due Plaintiff retroactive to April 27, 2022 and ongoing.

2. In the alternative to the relief, in part or whole, sought in paragraph 1, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

ROSEN MOSS SNYDER LLP

 /s/ Marc H. Snyder
Marc H. Snyder, Esquire
Attorneys for Plaintiff,
Melissa McDonald